**Marta GUZMAN, Plaintiff,**

v.

**ABBOTT LABORATORIES, Defendant.**

No. 98 C 3229.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 24, 1999.

John P. DeRose, Kenneth A. Jatczak, Anthony T. Capua, John P. DeRose & Associates, Burr Ridge, IL, for plaintiff.

Laura Jane Schumacher, Abbott Laboratories, Legal Division, Abbott Park, IL,

Walter Jones, Jr., Carole A. Corns, Pugh, Jones & Johnson, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are defendant Abbott Laboratories' ("Abbott") motions *in limine*. The court addresses each motion in turn.

### A. *Evidence of harassment prior to November 10, 1995 by employees of Abbott*

Abbott's motion *in limine* to exclude any evidence of harassment prior to November 10, 1995 by its employees is granted to the extent that, consistent with the court's August 10, 1999 opinion, the date of exclusion is May 7, 1995. Abbott now states that the plaintiff Marta Guzman ("Guzman") filed her employment discrimination charge with the Equal Employment Opportunity Commission on September 6, 1996; however, in its motion for summary judgment Abbott alleged that Guzman filed the charge on March 1, 1996. As neither party has disputed either date or attached a copy of the charge as an exhibit, the court for the time being will use the earliest of the two dates. Thus, any evidence of alleged harassment occurring prior to May 7, 1995 is excluded. *See* 42 U.S.C. § 2000e–5(e); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir.1997).

Furthermore, Guzman's argument that this evidence should not be excluded because of the continuing violation doctrine is unpersuasive. "As a general matter, the continuing violation doctrine is not readily applicable to name-calling and harassment, . . . because the discriminatory nature of such conduct should be immediately apparent to the plaintiff." *Filipovic v. K & R Express Sys., Inc.*, 95 C 6741, 1997 WL 790593, at *5 (N.D.Ill.Dec.17, 1997).

### B. *Evidence of various allegedly discriminatory comments*

Abbott's motions *in limine* to exclude allegedly discriminatory comments (1) made by non-decision-makers John Moore and Keith Harper, (2) made about Hispanics, Mexicans or Spaniards and (3) not made contemporaneously with or about Guzman's termination are denied. Abbott alleges that all of these allegedly discriminatory comments were not made contemporaneously with Guzman's termination. Thus, Abbot claims they have no probative value. However, although not relevant to a general employment discrimination claim, these allegedly discriminatory comments would be relevant to Guzman's hostile working environment claim. *See Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415 (10th Cir.1987).

Furthermore, Abbott claims that these allegedly discriminatory comments are hearsay, and thus, inadmissible under Federal Rules of Evidence 801 and 802. However, these alleged comments may not in fact be hearsay because they may be statements made by one of Abbott's agents. *See* FED.R.EVID. 801(d)(2)(D). Thus, the court cannot exclude these allegedly discriminatory comments at this time. If at the time of trial, Abbott objects to these alleged comments as hearsay, the court will revisit this issue.

### C. *Evidence of Guzman's employment history and performance*

Abbott's motions *in limine* to exclude any evidence (1) relating to Guzman's employment history prior to her time in Abbott's Credit Department and (2) "regarding conclusions, opinions or speculations of plaintiff herself or her coworkers [sic] concerning plaintiff's performance of her job responsibilities (except to the extent that such testimony directly contradicts or supports the facts that were the basis for the judgments of her managers)," (D.Mot. at 5), are denied. Abbott basis this motion upon Federal Rules of Evidence 402 and 403. However, Abbott has not shown how

this information could be prejudicial. Thus, the court cannot determine the prejudicial nature of this evidence at this time. Accordingly, such a ruling must wait until the court hears the evidence at trial.

### D. *Evidence not produced during discovery*

Abbott's motion *in limine* to exclude any evidence which Guzman failed to produce during discovery is granted to the extent that it is consistent with the court's previous opinion and order. *See Guzman v. Abbott Labs.*, 59 F.Supp.2d 747, 753–57 (N.D.Ill. 1999).

### E. *Evidence of disability discrimination*

Abbott's motion *in limine* to exclude any evidence that Abbott subjected Guzman to discrimination based on an alleged disability is granted. Guzman has not alleged a violation of the Americans with Disabilities Act; therefore, any evidence that Abbott discriminated against her because of an alleged disability is irrelevant.

■ Guzman, however, is not precluded from setting forth evidence of Abbott's accommodation for her co-worker's disability because it may relate to her hostile working environment claim. This accommodation could show that Guzman's supervisors' treatment of her non-Hispanic co-worker differed from their treatment of her. Abbott is free to cross-examine any of Guzman's witnesses to bring out the flaws in this theory.

### F. *Mary Jo McLean's work schedule*

Abbott's motion *in limine* to exclude the work schedule of Mary Jo McLean ("McLean"), a non-minority co-worker of Guzman, is denied. Abbott alleges that McLean's schedule is irrelevant. However, McLean's work schedule may be relevant to Guzman's hostile working environment claim insofar as that her supervisors may have more readily accommodated a non-minority than Guzman.

### G. *Witnesses Guzman failed to disclose in response to interrogatories*

Abbott's motion *in limine* to exclude as witnesses any witnesses which Guzman failed to disclose in response to interrogatory number eight is granted to the extent that it is consistent with the court's previous order. (Ct.Order Aug. 10, 1999.)

### H. *Evidence of Guzman's medical treatments*

Abbott's motion *in limine* to exclude any evidence of Guzman's medical treatments is denied. *See Guzman*, 59 F.Supp.2d at 753–57 (N.D.Ill. 1999.).

### I. *Evidence of an alleged "pattern or practice" of discrimination*

■ Abbott's motions *in limine* to exclude any evidence (1) of an alleged "pattern or practice" of discrimination and (2) of any an assertion by persons other than Guzman of discrimination by Abbott are denied. *See Hicks*, 833 F.2d at 1415 (finding that in a hostile work environment claim, "[e]vidence of a general work atmosphere ..., as well as evidence of specific hostility directed toward the plaintiff, is an important factor in evaluating the claim."); *Vinson v. Taylor*, 753 F.2d 141, 146 & n. 40 (D.C.Cir.1985) ("[E]vidence tending to show ... harassment of other women working alongside [plaintiff] is directly relevant to the question [of] whether ... [the defendant] created an environment violative of Title VII.... Such evidence could be critical to a plaintiff's case, for a claim of harassment cannot be established without a showing of more than isolated indicia of a discriminatory environment."). *But see Gilty v. Village of Oak Park*, 919 F.2d 1247, 1252 (7th Cir.1990) (finding that in a general employment discrimination case, "[e]vidence of a pattern or practice 'can only be collateral to evidence of specific discrimination against the actual plaintiff.' ") (quoting *Williams v. Boorstin*, 663 F.2d 109, 115 n. 38 (D.C.Cir.1980)).

## J. *Evidence of Abbott's failure to rehire Guzman*

Abbott's motion *in limine* to exclude any evidence that Abbott should have rehired Guzman is granted. Guzman does not contest this and concedes that she never reapplied for any position with Abbott.

## K. *Evidence of front pay, related benefits and prejudgment interest*

Abbott's motion *in limine* to exclude any evidence regarding front pay, related benefits and prejudgment interest. is granted. These are all equitable matters which the court, not the jury, decides. *See Williams v. Pharmacia, Inc.,* 137 F.3d 944, 951 (7th Cir.1998); *United States v. Board of Educ.,* 983 F.2d 790, 799 (7th Cir.1993); *Taylor v. Gilbert & Bennett,* No. 95 C 7228, 1997 WL 30948, at *5 (N.D.Ill. Jan.15, 1997).

## L. *Evidence of Abbott's size, sales, profits, or other financial information*

Abbott's motion *in limine* to exclude any evidence regarding Abbott's size, sales, profits, or other financial information is denied. Abbott has not explained how this information would be prejudicial to it. Thus, the court cannot make a determination of the prejudicial nature of this evidence at this time. Accordingly, such a ruling must wait until trial.

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendant Abbott Laboratories' motions *in limine.*

1. Abbott's motion *in limine* to exclude evidence of harassment prior to November 10, 1999 by Abbott's employees is granted to the extent that the date of exclusion is May 7, 1995.

2. Abbott's motions *in limine* to exclude evidence of various allegedly discriminatory comments are denied.

3. Abbott's motions *in limine* to exclude evidence of Guzman's employ-

ment history and performance are denied.

4. Abbott's motion *in limine* to exclude evidence not produced during discovery is granted to the extent that it is consistent with the court's previous opinion and order.

5. Abbott's motion *in limine* to exclude evidence of disability discrimination is granted.

6. Abbott's motion *in limine* to exclude Mary Jo McLean's work schedule is denied.

7. Abbott's motion *in limine* to exclude witnesses which Guzman failed to disclose in response to interrogatories is granted to the extent that it is consistent with the court's previous order.

8. Abbott's motion *in limine* to exclude evidence of Guzman's medical treatments is denied.

9. Abbott's motions *in limine* to exclude evidence of an alleged "pattern or practice" of discrimination are denied.

10. Abbott's motion *in limine* to exclude evidence of Abbott's failure to rehire Guzman is granted.

11. Abbott's motion *in limine* to exclude evidence of front pay, related benefits and prejudgment interest is granted.

12. Abbott's motion *in limine* to exclude evidence of Abbott's size, sales, profits, or other financial information is denied.